**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-927 C

(Filed: February 7, 2018)

**NOT FOR PUBLICATION**

**FILED**

FEB - 7 2018

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| ASAFO AMEN EL, | ) |
| Plaintiff, | ) |
| v. | ) Lack of Subject Matter Jurisdiction; RCFC 12(b)(1); Civil Service Retirement System, 5 U.S.C. §§ 8331-8351. |
| THE UNITED STATES, | ) |
| Defendant. | ) |

Afaso Amen El, Detroit, MI, pro se.

David M. Kerr, Trial Attorney, with whom were Chad A. Readler, Acting Assistant Attorney General, and Robert E. Kirschman, Jr., Director, and Lisa Donahue, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge.

On July 7, 2017, pro se plaintiff, a retired employee of the United States Postal Service (USPS), filed a complaint with this court. See ECF No. 1. Defendant has moved to dismiss the complaint for lack of subject matter jurisdiction or for failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 7. For the following reasons, defendant's motion is **GRANTED**.

I.   Background

Plaintiff's complaint is not a model of clarity. To the extent the complaint alleges discernible facts, those facts relate to improper annuity statements, and claims for various

refund amounts allegedly owed to plaintiff. See ECF No. 1 at 8, 11. The exhibits attached to the complaint generally relate to plaintiff's separation from the USPS, and payments made to him thereafter. See ECF No. 1-1 at 2-25, 50-57.[1] The first exhibit, for example, is a letter from the USPS to plaintiff enclosing paperwork related to his "claim for disability retirement," which was "approved," and providing him information regarding his "annuity computation." See id. at 2.

Plaintiff mentions a myriad of additional claims against defendant in the complaint, including: (1) improper garnishment, see id.; (2) check-kiting, see id.; (3) unjust enrichment, see id.; (4) fraud, see id.; (5) negligence, see id.; (6) violation of the Double Jeopardy Clause of the United States Constitution, see id.; (7) conspiracy, see id. at 10; (8) corporate espionage, see id.; (9) breach of guarantee of life; see id.; (10) malicious prosecution, see id.; (11) abuse of administrative process, see id.; (12) violations of the Fourth and Fifth Amendments to the United States Constitution, see id. at 14; (13) intimidation, stalking, and harassment; see id. at 15; (14) attempts to murder plaintiff and his family members, see id. at 16; and (15) retaliation, see id. at 17.

After a thorough review of the materials submitted by plaintiff, however, the court, agrees with defendant's characterization that plaintiff's "complaint appears to allege that the Office of Personnel Management (OPM) incorrectly calculated his disability-retirement annuity payment." See ECF No. 7 at 1.

II.   Legal Standards

Defendant argues that plaintiff's complaint should be dismissed for lack of jurisdiction, see RCFC 12(b)(1), or in the alternative, for failure to state a claim on which relief can be granted, see RCFC 12(b)(6). Because the court concludes that it lacks jurisdiction to consider plaintiff's claims, no analysis of the legal sufficiency of those claims is warranted.

Pursuant to the Tucker Act, the court has the limited jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). To invoke the court's jurisdiction,

---

[1]   Plaintiff also attaches a number of documents related to driver services in the State of Michigan, see ECF No.1-1 at 30-48, and a police report reflecting a complaint made by plaintiff to the Detroit, Michigan Police Department in which he complained of harassment by USPS employees, see id. at 59-61. The police report contains no indication that the responding officers did anything beyond memorializing plaintiff's statement made by telephone.

plaintiffs must show that their claims are based upon the Constitution, a statute, or a regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)).

Plaintiff bears the burden of establishing this court's subject matter jurisdiction by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). In reviewing plaintiff's allegations in support of jurisdiction, the court must presume all undisputed facts are true and construe all reasonable inferences in plaintiffs' favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982); Reynolds, 846 F.2d at 747 (citations omitted). If the court determines that it lacks subject matter jurisdiction, it must dismiss the complaint. See RCFC 12(h)(3).

III.   Analysis

As the court understands it, plaintiff alleges in his complaint that the annuity payments he received following his retirement from civil service at the USPS were deficient. See ECF No. 1 at 8, 11. This court has succinctly explained the genesis of the civil retirement system:

> The Civil Service Retirement System, 5 U.S.C. §§ 8331-8351 (2000), was first enacted by the Civil Service Retirement Act of 1920, Pub. L. No. 66-215, 41 Stat. 612 (May 22, 1920). The Act has been amended numerous times and the current text and section number designations are codified in title 5, United States Code, Pub. L. No. 89-554, 80 Stat. 378 (Sept. 6, 1966).
>
> In 1978, Congress enacted the Civil Service Reform Act, Pub. L. No. 95-454, 92 Stat. 1111 (Oct. 13, 1978) ("CSRA"), which gave OPM authority to adjudicate all claims made under the CSRS. 5 U.S.C. § 8347(a) and (b).

Ferreiro v. United States, 72 Fed. Cl. 1, 3 (2006), aff'd, 501 F.3d 1349 (Fed. Cir. 2007). See also 5 C.F.R. § 831.101(a) (2017) ("OPM has charge of the adjudication of all claims arising under [the retirement provisions] of title 5, United States Code, and of all matters directly or indirectly concerned with these adjudications."). Plaintiff's claim in this case relates to his disability retirement from civil service, a matter which is governed by 5 U.S.C. § 8337 and which falls squarely within OPM's purview.[2]

---

[2] Section 8337 sets forth, in detail, the requirements for employees who wish to apply for disability retirement benefits, and points to the authority under which an annuity amount is calculated.

3

In the event of an adverse decision from OPM, the Merit System Protection Board (MSPB) is the proper forum for an appeal. See 5 U.S.C. § 8347(d)(1) (2001) (stating that "an administrative action or order affecting the rights or interests of an individual or of the United States under this subchapter may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board"). The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction to hear appeals from MSPB decisions. See 5 U.S.C. § 7703(b)(1)(A) (2014) (stating that "a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit.").

If plaintiff has a complaint relating to an OPM decision made in calculating his disability retirement benefits, he must file an initial appeal of that decision with the MSPB. There is no evidence that he has done so in this case. Even assuming he has taken that predicate step to judicial review, however, this court is not empowered to consider his claim. See Agee v. United States, 77 Fed. Cl. 84, 88 (2007) ("The Court is barred from adjudicating retirement benefit claims when the underlying dispute rests on personnel action subject to OPM administration, and Merit Systems Protection Board ("MSPB") review.") (citing Lindahl v. Office of Personnel Management, 470 U.S. 768, 774-75 (1985) (holding that the Court of Federal Claims is not the appropriate authority to determine retirement issues, as that arena of federal employee litigation is within the exclusive jurisdiction of the MSPB and the Court of Appeals for the Federal Circuit)).

IV. Conclusion

Because plaintiff has failed to establish that this court has jurisdiction to consider his claim, the court must dismiss the complaint under RCFC 12(h)(3). As such, defendant's motion to dismiss under RCFC 12(b)(1), ECF No. 7, is **GRANTED**. The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint without prejudice.

IT IS SO ORDERED.

_____
PATRICIA E. CAMPBELL-SMITH
Judge